IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADRIAN CASTELLS FERRAS,

    Petitioner,

v.                                                                                                          No. 2:26-cv-00114-MLG-KK

TODD M. LYONS, in his official capacity as
Acting Director, Immigration and Customs Enforcement,
U.S. Department of Homeland Security; et al.,

    Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING
RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

       This matter is before the Court on Petitioner Adrian Castells Ferras's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition") filed January 21, 2026. Doc. 1. Castells Ferras, a Cuban citizen, is detained at the Otero County Processing Center in New Mexico. *Id.* at 2, 4 ¶¶ 4, 16. He entered the United States on May 14, 2022, and was subsequently arrested and detained by the Department of Homeland Security ("DHS"). *Id.* at 4-5 ¶¶ 16-17. Castells Ferras was charged with removability under 8 U.S.C. § 1182(a)(60(A)(i) and was released on his own recognizance[1] pursuant to § 1226(a)(B)(2) pending any future removal proceedings.[2] *Id.* at 4-5 ¶¶ 17-18.

---

[1] Section 1226 permits the release of a noncitizen from custody pending a removability determination "on 'conditional parole,'" which is synonymous with "release on recognizance." *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (noting the Government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)").

[2] Before making a custody determination, an immigration officer must assess whether releasing the noncitizen would "pose a danger to property or persons" and whether they are "likely to appear

While on release, Castells Ferras resided in Miami, Florida. *Id.* at ¶ 16. He received an employment authorization through 2029 and maintained stable employment. He filed taxes and attended a school to learn English. *Id.* at ¶ 19. Castell Ferras complied with all conditions of release and timely updated his address with U.S. Immigration and Customs Enforcement ("ICE") and other DHS agencies. *Id.* at ¶¶ 19, 23. He filed an application for asylum on September 23, 2022, and filed a Form I-485, Application to Register Permanent residence or Adjust Status with the United States Citizenship and Immigration Services ("USCIS"). *Id.* at ¶ 21. He also married a lawful permanent resident of the United States. *Id.* at ¶ 22. His spouse filed a Form I-130, Petition for Alien Relative on Castell Ferras' behalf on November 13, 2025. *Id.*

On May 27, 2025, Castell Ferras attended his initial hearing for his removal case before an Immigration Judge ("IJ"). During the hearing, DHS moved to dismiss Castell Ferras' removal proceedings over his objection. *Id.* at ¶¶ 23-24. The IJ granted the dismissal. This initial removal proceeding remains pending as Castell Ferras appealed this decision with the Bureau of Immigration Affairs ("BIA") and the appeal remains undecided. *Id.* at ¶ 24; *see Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1136 (D. Or. 2025) (noting the government conceded a petitioner "remains in removal proceedings under 8 U.S.C. § 1229a during his administrative appeal of the dismissal of his removal proceedings"); *Patel v. Tindall*, No. 3:25-cv-373-RGJ, 2025 WL 2823607, at *4–5 (W.D. Ky. Oct. 3, 2025) (ruling a petitioner's "section 1229a proceedings continue to be active, as the decision of an immigration judge becomes final upon waiver of appeal or upon expiration of the time of appeal" and that the petitioner timely filed an appeal of the decision) (internal citations omitted).

---

for any future [immigration] proceeding." 8 C.F.R. § 236.1(c)(8). Obviously, if a person is released on conditional parole, the immigration officer has found neither consideration appliable.

Following the hearing on May 27, 2025, Castell Ferreras was seized by DHS as he was leaving the courtroom. Doc. 1 at 6 ¶ 25. Castell was taken into ICE's custody and detained at Otero County Processing Center ("Otero") in New Mexico. *Id.* at ¶ 26. Castell Ferras remains detained in Otero absent an immigration court finding that his circumstances have changed so materially that he now poses either a flight risk or a danger to the community. He fully complied with all conditions of release. *Id.* at 5 ¶ 19. He has no criminal history in the United States or anywhere else in the world. *Id.* at ¶ 20. There is no evidence in the record that Castell Ferras received any custody determination since his re-arrest on May 27, 2025. *See generally* Doc. 1, Doc. 7.

Castell Ferras filed his Petition challenging the legality of his confinement and seeking immediate and unconditional release. Doc. 1 at 2, 20 ¶ 3. He claims his detention violates the Fifth Amendment's Due Process Clause. *Id.* at 13-17. Castell Ferras requests the Court declare his continued detention violates the Fifth Amendment Due Process Clause, and order for his immediate release from custody. *Id.* at 20.

Respondents filed a Response to the Petition on February 9, 2026. Doc. 7. They assert that Castell Ferras' detention accords with § 1225(b)(2)(A) per the BIA's decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025),[3] and therefore, is mandatory. *Id.* at 2-3.[4] Castell Ferras filed a Reply in support of his Petition on February 19, 2026. Doc. 8.

---

[3] A recent the Bureau of Immigration Affairs ("BIA") precedential decision holding that section 235(b)(2)(A) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1225(b)(2)(A), precludes IJs from granting release or bond requests to people who are present in the United States unlawfully and instead requires their mandatory detention. *Hurtado*, 29 I&N Dec. at 220.

[4] Respondents appear to argue Castell Ferras must first exhaust his administrative remedies before seeking relief from this Court. Doc. 5 at 1-2. The Court rejects this argument because requiring Castell Ferras to first exhaust his remedies would be pointless because the BIA has already ruled that all "aliens who are present in the United States without admission are applicants for admission as defined under Section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A)," and therefore "must

It is undisputed that Castell Ferras was released on his own recognizance.[5] *See* Doc. 1 at 1, 4-5 ¶¶ 1, 17. So, the Court must logically conclude that Castell Ferras was released pursuant to § 1226(a)(2)[6] and that an immigration officer made an initial determination that Castell Ferras was neither a danger to the community nor a flight risk. *See* 8 C.F.R. § 236.1(c)(8); *supra* note 2.

Given the Court's determination that Castell Ferras was initially released from DHS custody pursuant to § 1226(a)(2), the Court hereby finds Castell Ferras's re-detention without an immigration court's finding of dangerousness or risk of flight constitutes a violation of the Fifth Amendment's Due Process Clause.[7] The analysis and reasoning set forth in this Court's opinion in *Diallo v. Orozco* is adopted here. No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *3-4

---

be detained for the duration of their removal proceedings." *Hurtado*, 29 I&N Dec. at 220. The Court declines to require this kind of futile exhaustion. *See Garza v. Davis,* 596 F.3d 1198, 1203 (10th Cir. 2010) (recognizing a futility exception to the exhaustion requirement for § 2241 habeas relief); *Pu Sacvin v. De Anda-Ybarra, et. al*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *2, (D.N.M. Nov. 14, 2025) (finding exhaustion did not bar a petitioner's claims because the *Hurtado* decision renders "any attempt to seek relief directly from the agency futile").

[5] The Government does not dispute this in its response. *See* Doc. 7.

[6] Respondents offer no documentary evidence that Castell Ferras was released in 2022 pursuant to § 1182(d)(5)(A)—the only exception to § 1225 mandatory detention. *See generally* Doc. 7; *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025) ("Such a release on recognizance is not 'humanitarian' or 'public benefit' 'parole into the United States' under §§ 1225 and 1182(d)(5)(A), but rather[,] a form of 'conditional parole' from detention, authorized under § 1226."); *Goorakani v. Lyons*, Nos. 25-cv-9456, 25-cv-9551, 25-cv-9592, 25-cv-9952, 2025 WL 3632896, at *7 n.8 (S.D.N.Y. Dec. 15, 2025) (finding a petitioner's release on recognizance was pursuant to § 1226 despite the lack of documentary evidence provided by the Government). Even more telling, Respondents do not assert that Castell Ferras is subject to § 1225(b)(2)(a) because he was initially detained under this statute. *See* Doc. 7.

[7] A bond hearing before an IJ under § 1226(a) occurs after a noncitizen has already been detained by DHS. § 1226(a)(1)-(2); 8 C.F.R.§ 236.1(d). This type of bond hearing therefore cannot prevent a deprivation of liberty that the Fifth Amendment seeks to protect as the noncitizen is already in custody. *See Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323 (W.D. Wash. 2025).

(D.N.M. Mar. 4, 2026) (employing the *Mathews v. Eldridge*[8] balancing test to hold that re-detention of a petitioner initially released on their own recognizance pursuant to § 1226(a)(2) without a pre-deprivation hearing or immigration court finding of a change in dangerousness or flight risk constitutes a due process violation); *see also Garcia Domingo v. Castro*, 806 F. Supp. 3d 1246, 1252 (D.N.M. 2025); *Danierov v. Noem*, No. 2:25-cv-01215-KG-KRS, 2025 WL 3653925, at *2 (D.N.M. Dec. 17, 2025); *Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *6-7 (D.N.M. Feb. 11, 2026); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025) (collecting cases from the Northern District of California), *appeal filed sub nom.*, *Garcia v. Albarran*, No. 25-7868 (9th Cir. Dec. 16, 2025); *O.F.C. v. Almodovar*, No. 25-cv-9816 (LJL), 2026 WL 74262, at *7 (S.D.N.Y. Jan. 9, 2026); *Singh v. Stevens*, No. 3:26-CV-133, 2026 WL 456489, at *7 (N.D. Ohio Feb. 18, 2026). Other courts have similarly ordered petitioners be immediately released when their re-detention by Respondents following an IJ's dismissal of removal proceedings violated the Fifth Amendment. *See Singh v. Andrews*, 803 F. Supp. 3d 1035, 1042, 1045-48, 1050 (E.D. Cal. 2025); *Hernandez v. Wofford*, No. 1:25-cv-00986-KES-CDB (HC), 2025 WL 2420390, at ** 2, 4-6, 8 (E.D. Cal. Aug. 21, 2025); *Patel*, 2025 WL 2823607, at *6. Therefore, the requested writ of habeas corpus for Castell Ferras' immediate release is granted.

Castell Ferras shall be released within twenty-four hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in May 2025 along with a copy of this Order.

Castell Ferras may not be re-detained without a pre-detention hearing before a neutral IJ and only following a showing by clear and convincing evidence that Castell Ferras is a flight risk or poses a danger to the community and that no conditions other than his detention would be

---

[8] 424 U.S. 319, 335 (1976).

sufficient to prevent such harms Castell Ferras shall receive at least seven (7) days' notice before the pre-detention hearing takes place.

Respondents are further ordered to file a status report within three (3) days of this Order to certify compliance. The status report shall provide the date and location in which Castell Ferras was released from custody.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA